UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------

JEREMY ZIELINSKI,

          Plaintiff,

    v.

ANTHONY ANNUCCI,

          Defendant.

-------------------------------------------------

VERIFIED COMPLAINT
42 U.S.C. §§ 2000cc et seq.

Case No. 22 cv 924

Jury Trial Demanded

FILED
NOV 30 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY
UNITED STATES DISTRICT COURT

Plaintiff JEREMY ZIELINSKI, pro se, alleges:

## INTRODUCTION

1.  This is a civil rights action brought pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq. ("RLUIPA"). It challenges an arbitrary decree by Anthony Annucci, the "Acting Commissioner" of the New York State Department of Corrections and Community Supervision ("DOCCS"), banning Plaintiff from receiving fresh fruits and vegetables and other healthy food necessary for his religious diet.

## JURISDICTION AND VENUE

2.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claims occurred at Attica Correctional Facility ("Attica CF") in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.  Plaintiff has fully exhausted "available" administrative remedies with respect to the claims herein by filing and fully appealing a DOCCS grievance.

1

<u>PARTIES</u>

4.   Plaintiff JEREMY ZIELINSKI is incarcerated in DOCCS custody.

5.   Defendant ANTHONY ANNUCCI is the "Acting Commissioner" of DOCCS and is sued in his official capacity.

6.   At all times relevant the defendant was acting under color of state law, custom and/or usage.

<u>FACTS</u>

7.   Plaintiff is an Atheist, which means he holds a religious devotion to reason and asking and answering by rational inquiry all "ultimate questions" on which positions are taken by conventional religions.

8.   A central and mandatory component of Plaintiff's religious beliefs is daily consumption of fresh fruits and vegetables and other healthy foods to maintain physical and mental health for as long as possible.  This is required for multiple reasons:

   A.   Plaintiff's beliefs do not recognize an afterlife, so it is essential to maintain physical life as long as possible.

   B.   Proper contemplation of ultimate questions by reason and rational inquiry depends on a healthy mind and body, so daily consumption of food that preserves them is essential.

   C.   Consuming fresh fruits and vegetables and other healthy foods demonstrates and facilitates deep contemplation, appreciation and celebration of the fragility and interconnectedness of all life.

9.   A second central and mandatory component of Plaintiff's religious beliefs is to acquire all food and other items from morally acceptable sources, by which is meant from sources that do not cause or exploit unnecessary harm and suffering to other living things or the environment which sustains all forms of

2

life.

10. Although DOCCS does not offer a diet compatible with Plaintiff's religious beliefs, for most of his incarceration this has not been a problem as he could receive fresh fruits and vegetables and other healthy food by mail in what DOCCS calls "packages" from family and friends familiar with Plaintiff's beliefs who refrain from acquiring them from immoral sources.

11. However, on April 25, 2022 defendant Annucci arbitrarily decreed that effective May 9, 2022 family and friends would be permanently banned from mailing any food items to incarcerated people, and that although they would be able to mail two "non-food" packages per year, all food items including fresh fruits and vegetables and other healthy food would have to be purchased from "vendors," a term left undefined except in a circular, negative sense: a "vendor" is any "vendor" not on a "disapproved vendors" list maintained by DOCCS by some unknowable standard.    The asserted rationale for the decree is to prevent abuse of packages to smuggle drugs and weapons into facilities. A copy of the decree is attached as Exhibit P0001.

12. Although the decree did not change what food items were "officially" permitted or explicitly prohibit fresh fruits and vegetables and other healthy food, it made it impossible for Plaintiff to receive them, as DOCCS has interpreted the term "vendor" (without any discernible basis in any published rule or regulation) to permit receipt of food packages only from prison-focused commercial enterprises that exploit mass incarceration and its egregious harms to people and the environment for profit, which in Plaintiff's religious beliefs are immoral and thus cannot be patronized, and which in any event do not sell fresh or healthy foods.

13. Plaintiff promptly filed a grievance seeking a religious accommodation from DOCCS that would permit him to continue to receive fresh fruits and

3

vegetables and other healthy food items in packages from family and friends as he had for years without issue prior to the April 25 decree.

14. DOCCS initially ignored the grievance, but when Plaintiff appealed the lack of response Attica CF sent the facility chaplain, a Catholic nun, to interview Plaintiff about his request. Plaintiff explained his beliefs and the issues and the chaplain relayed them back to the grievance staff but made no recommendation of whether to accommodate them. Shortly thereafter the grievance was denied for the asserted reason that Plaintiff was not prohibited from receiving fresh fruits and vegetables and other healthy food when purchased from "vendors," in complete disregard of Plaintiff's actual complaint.

15. Plaintiff timely appealed the grievance but to date DOCCS has refused to decide it, and its 30-day time limit to do so under DOCCS grievance regulations (7 NYCRR Part 701) has long expired.

16. A copy of the grievance and related communications are attached as Exhibit P0002.

17. Since the April 25, 2022 decree Plaintiff has been unable to receive fresh fruits and vegetables and other healthy food essential to his religious diet and practices which depend on it.

18. Accommodating Plaintiff's religious beliefs by granting his request for a religious exemption from the April 25 decree would impose absolutely no costs or burdens on DOCCS and would not threaten any compelling governmental interest it might have:

    A. Plaintiff has never used or tried to use food packages from family and friends to smuggle drugs or weapons or any other impermissible purpose, and he has no history of involvement with drugs or weapons, so he is not within any class of people the April 25 decree purports to be targeted at; fresh fruits and vegetables and other healthy foods are

4

inherently unlikely means of concealing contraband; and in any event DOCCS can and does physically inspect all packages.

B.  Plaintiff offered (and his family and friends are willing) to provide government identification to DOCCS of who would be sending him food packages.

C.  There is no practical difference for DOCCS "package room" staff between a package received from Plaintiff's family members or friends and a package from a "vendor" -- the packages and items they contain are identical, the only difference being the return address on the box.

D.  Plaintiff has not sought to be able to receive packages more frequently or in greater volume than anyone else, but simply to be able to receive them from a source that is compatible with and can supply the food items needed for his religious diet, which he received for years without issue prior to the decree.

E.  Accommodating Plaintiff's request could be accomplished in its entirety by simply making a note in Plaintiff's package room file that he can receive food packages from specified family and friends.

19. Accordingly, banning Plaintiff from receiving fresh fruits and vegetables and other healthy food from family and friends as he did without issue prior to the April 25 decree, and refusing to grant Plaintiff a religious exemption from that decree, is not the least restrictive means of furthering any compelling governmental interest with respect to Plaintiff in particular.

20. No prior action has been brought raising this claim.

21. Plaintiff has no full, complete and adequate remedy at law.

## CLAIMS FOR RELIEF

### Claim 1: Violation of RLUIPA

22. The defendant's refusal to grant Plaintiff's religious accommodation request violates 42 U.S.C. § 2000cc-1.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against the defendant preliminarily and permanently enjoining him to grant Plaintiff's religious accommodation request, an award of costs and expenses incurred in litigating this action, and such other and further relief as is just and proper.

Date: November 28, 2022.

JEREMY ZIELINSKI, #16A3601
Plaintiff, Pro Se
Great Meadow Corr. Fac.
P.O. Box 51
Comstock, NY 12821-0051

## VERIFICATION

I, Jeremy Zielinski, declare under penalty of perjury that I am the plaintiff herein, that I have read the foregoing verified complaint and know the contents thereof, and that the same is true and correct to my own knowledge, except as to matters alleged on information and belief and as to such matters I believe them to be true.

Executed on November 28, 2022
at Comstock, New York.

JEREMY ZIELINSKI, #16A3601
Plaintiff, Pro Se
Great Meadow Corr. Fac.
P.O. Box 51
Comstock, NY 12821-0051

6



**NEW YORK STATE**

# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## M E M O R A N D U M

TO:        Incarcerated Individual Population

FROM:    Anthony J. Annucci, Acting Commissioner

SUBJECT:  Incarcerated Individual Packages

DATE:     April 25, 2022

As a result of an increase in violence and overdoses due to the introduction of contraband through the package room, specifically, illicit drugs and weapons, the Department is in the process of revising its policy concerning packages and articles that are received through facility package rooms. Upon complete implementation, packages, and articles will only be allowed to be received directly from vendors via U.S. Postal Service, FedEx, UPS, etc. Packages will no longer be allowed to be brought to the facility during visits or mailed directly to the facility from family or friends. While crafting the updated policy, we considered the concerns raised by the families of incarcerated individuals and advocate organizations regarding the availability and price of products under the previously discontinued pilot Secure Vendor Program. This change is expected to make the system safer and aid in reducing overdoses, violence and overall rehabilitation of the population.

Department Directive #4911, "Packages & Articles Sent or Brought to Facilities" is being renamed to "Packages & Articles Sent to Facilities" with the following additional modifications:

- Only packages received via mail directly from a vendor will be permitted, except:
  - Family and/or Friends will be permitted to send two (2) non-food packages per year, via mail
- The number of food packages allowed will be increased from two (2) to three (3) per month and the total weight increased from 35 to 40 lbs.
- There will be no limit on non-food packages received from vendors, whether ordered by the incarcerated individual or family/friends
- The "Receipt Value Record" will be increased from $20 to $30
- Similar to what we did in our commissaries, all cans will be eliminated
- The maximum value of an allowable item of clothing will be increased from $80 to $90
- The mini-calculator max value will be increased from $30 to $50
- The typewriter max value will be increased from $350 to $370

Incarcerated individuals who are not serving a Loss of Packages sanction will continue to order packages and articles utilizing disbursement forms and ordering from vendor catalogs. An incarcerated individual's family members and friends will also be able to order packages and articles from vendors to be delivered via U.S. Postal Service, FedEx, UPS, etc. The only vendors that cannot be ordered from are those that are on the disapproved vendor list. This list will be published on the Departmental web page. Directive #4913,

"Incarcerated Individual Property", sets forth incarcerated individual property limits; these limits remain unchanged.

The new method of how packages and articles are received through facility package rooms will be piloted in a HUB identified by Central Office, beginning on May 9, 2022. The pilot program in the initial HUB will continue for at least one month, to provide the Department an opportunity to adequately address any unforeseen issues that may arise. Following the initial rollout, two (2) additional Hubs' will be added every two weeks, until the program is fully implemented. Based on the success of the program, the implementation schedule may be accelerated. Upon, the program becoming fully implemented, these changes will become permanent.

For facilities that have a Family Reunion Program (FRP), the FRP will continue to operate in accordance with Directive #4500 "Family Reunion Program" and the Facility's local policy at this time.

In addition, while fresh vegetables will not be eliminated if shipped directly from a vendor, we recognize providing access to fresh fruits and vegetables is important. While most facilities offer this via the commissary, DOCCS will direct all facilities with a commissary to offer fresh fruits and vegetables, with the types of produce being identified through discussions with the Incarcerated Liaison Committee. In addition, DOCCS will explore options to standardize commissary offerings across the state, resulting in an increase in items available to the population

The goals of the Department's Packages & Articles Sent to Facilities program are to maximize the availability of food and articles for incarcerated individuals from vendors that offer a variety of items at competitive pricing for incarcerated individuals, their families and their friends, while maintaining security, safety, and aiding in achieving the Department's overall mission.

INCARCERATED GRIEVANCE COMPLAINT

Grievant. J. ZIELINSKI   16-A-3601   D-37-2   May 23, 2022

**Problem:** Frequent consumption of fruits and vegetables, and acquisition of all food items from morally acceptable sources, are central mandatory components of my religious beliefs  Anthony Annucci's arbitrary attempt on April 25  2022 to permanently ban food packages from family and friends and totally ban canned food from all sources substantially burdens my religious beliefs because (a) it makes acuiring fruits and vegetables and many other food items (both fresh and canned) difficult to impossible, and (b) forces me to choose between patronizing morally corrupt enterprises or going without many **religiously necessary foods** entirely, interfering with my right to consume a **religiously acceptable diet.** **Completely banning family and friends from sending food, and completely banning all canned items,** are not the least restrictive means of accomplishing any compelling governmental interest; I have never been accused or even suspected of attempting to receive any drugs, weapons or other dangerous contraband in a package of food, and any compelling interest that DOCCS might have regarding packages can be effected by a less restrictive means: following the same security practices that existed **prior to Annucci's arbitrary action of April 25, 2022.** Subjecting me to Annucci's ban on food needed for my religious diet violates my rights under the Religious Land Use and Institutionalized Persons Act, 42 USC §§ 200cc et seq., which requires individualized exemptions from generally applicable prison policies to accommodate religious activity.

**Relief Requested:** I request a religious accommodation of my religious dietary requirements. An individual exemption from package restrictions so that I may continue to receive fresh fruits and vegetables and other food items, including **canned food, subject to inspection,** from specifically designated friends and family.

J. ZIELINSKI

cc: file

# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

*16A3681*

*D 37-2*

TO: *Zielinski, J*

FROM:   IGRC

DATE:   IGRC

MAY 2 5 2022

RE:   GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____

☐ It has been logged as Grievance # _____1065-22_____, Code ___31___ and
titled, *PPC Policy violation; Ralgis* You will b scheduled for an IGRC hearing
once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievnce #
_____

☐ It has been logged as Grievance # _____, a Code 49 and
titled, _____. It has leen passed through to the
Superintendent and you will receive a response directly frm the Superintendent once the
investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on
_____, which is beyond the 21-day time fr for filing a grievance, per
Directive #4040 §701.5 (a)(1). No further action will be talen regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in
accordance with Directive #2010.

cc:   File
        Attachment

To:  IGP Clerk, Attica CF
Fr:  J. ZIELINSKI  16-A-3601  D-41-3
Re:  Grievance A-1065-22
Date: July 5, 2022

What is the status of the above grievance, which was filed May 25, 2022?

J. ZIELINSKI

cc:  file

To: **Facility Chaplain, Attica CF**
Fr: **J. ZIELINSKI  16-A-3601  D-41-3**
Re: **Religious accommodation request**
Date: July 5, 2022

Dear Sir or Madam:

I am writing to you to request a religious accommodation pursuant to DOCCS Directive #4202, the Religious Land Use and Institutionalized Persons Act (42 U.S.C. §§ 2000cc et seq.), and NY Correction Law § 610. If you are not the correct person for this request, please forward it to the correct person or inform me who that person is.

Frequent consumption of fruits and vegetables, and acquisition of all food items from morally acceptable sources, are central mandatory components of my religious beliefs. On or about May 9, 2022 this facility began trying to ban all family and friends from sending food items to incarcerated people and instead requiring them to be purchased from "vendors," and totally ban canned food from any source. This substantially burdens my religious beliefs because (a) it makes acquiring fruits and vegetables and many other food items (both fresh and canned) difficult to impossible, and (b) forces me to choose between patronizing morally corrupt enterprises or going without many religiously necessary foods entirely, interfering with my right to consume a religiously acceptable diet.

Completely banning family and friends from sending food, and completely banning all canned items, are not the least restrictive means of accomplishing any compelling governmental interest. I have never been accused or even suspected of attempting to receive any drugs, weapons or other dangerous contraband in a package of food, and any compelling governmental interest that DOCCS might have regarding packages can be effected by a less restrictive means: Following the same security practices that existed prior to the arbitrary May 9, 2022 family food packages and canned food ban. Subjecting me to this ban violates my rights under the RLUIPA and Correction Law § 610, both of which require individualized exemptions from generally applicable prison policies to accommodate religious activities, including dietary practices.

I therefore request a religious accommodation of my religious dietary requirements, in the form of an individualized exemption from package source restrictions and the ban on all canned food items, so that I may continue to receive fresh fruits and vegetables and other food items, including canned food, subject to inspection, from specifically designated friends and family. This can be implemented at de minimis cost and burden with a simple memorandum directed to Package Room staff that I may continue to receive food packages from family and friends, including canned food items, as I did many times prior to May 9, 2022. If necessary the individuals from whom I will receive packages can provide a copy of their government ID to the Department.

If you have any questions please direct them to me in writing or place me on a callout to discuss. Thank you in advance.

J. ZIELINSKI

cc:  file

P0002:4

To: IGP Clerk, Attica CF

Fr: J. ZIELINSKI  16A3601   D-41-3

Re: A·1065-22 (Package Policy Violates Religion)

Date: July 15, 2022

---

Pursuant to 7 NYCRR § 701.6(g)(2) I hereby appeal the above grievance due to failure of timely response.

cc: file

INCARCERATED GRIEVANCE COMPLAINT

Grievant: J. ZIELINSKI  16-A-3601  D-41-3    July 20, 2022

**Problem**: This facility is refusing to consider or respond to my requests for an exemption from the "pilot" ban on packages from "family and friends" to accommodate my religious dietary requirements and moral obligations.  The request has been made pursuant to the Religious Land Use and Institutionalized Persons Act, the First Amendment's Free Exercise Clause, NY Correction Law § 610, and DOCCS Directive #4202.  I filed a grievance (A-1065-22) on May 25, 2022 but nearly two months later it's received no response, despite written status update requests and an appeal of the constructive denial pursuant to 7 NYCRR § 701.6(g)(2).  I also wrote to the facility Chaplain directly on July 5, 2022 and received no response.  The IGP's and Chaplain Office's staff's continuing refusal to accommodate my religious exercise is violating my state and federal constitutional and statutory rights, and also DOCCS Directives and policies.

**Remedy Requested**: For my requests for a religious accommodation to be granted immediately.

J ZIELINSKI

cc file

P0002:6

To: Sister Roz, Attica CF Chaplain
Fr: J. ZIELINSKI  16-A-3601  D-41-3
Re: Religious accommodation request
Date: July 21, 2022

Sister Roz:

Thank you for meeting with me this afternoon about my religious accommodation request. This letter is in followup to your query for a more detailed explanation of how and why access to fresh foods, and acquiring them from morally good sources, is an essential and central part of my religious beliefs.

Initially, I'm in the process of seeking out some documentary proof that I am not alone amongst fellow Atheists in my beliefs. As that information comes in, I will pass it along to you.

In the interim, I believe it will be helpful to explain the nature of my beliefs.

DOCCS has me listed as Atheist. This term has a lot of misconceptions asociated with it. Whlie this is obviously a condensation, Atheism is not a "negative" belief system founded on mere "denial" of "the existence of God" (or gods) as many people assume. Rather it has core positive beliefs of its own, and in practice can perhaps be summarized as a religious level of devotion and commitment to using only scientific methods and rational inquiry to ask and answer all questions, including conventional religious ones — including but not limited to metaphysics, epistemology, morality, and ethics. For me, this is held with the same level of confidence as conventional religious adherents have for "belief in God," and serves as the practical equivalent.

The basic founding premise is that although an infinite variety of aspects of reality can potentially be perceived (if we ask the right questions), existence itself (and our consciousness of it) must simply be recognized as a "metaphysical given" not amenable to explanation. It's implied in everything. Although not dispositive, my belief in this draws support, perhaps ironically, from the implicit suggestion in the old world religions that even their gods have this limitation: When the Old Testament God is asked where he came from, he responds simply, "I am that I am." He can no more explain his own existence than we can explain ours, and if "God" had a god, that god would have that same answer. No matter how far we ascend in our understanding, even if we posit a superbeing directly aware of the state of every particle in the universe, it would still not be able to explain itself — it, like us, cannot get beyond that barrier, and at some point we have to simply accept that the question isn't unanswerable, it's nonsense. Asking why there's something rather than nothing is incoherent — no matter how broad our conception of "existence" might be, the instant we try to ascribe it to some external cause, our conception expands to include the cause and we're right back where we started: Trying to explain the existence of the cause of the cause of the cause, ad infinitum.

That said, existence, though itself inexplicable, is knowable. Declaring the "ultimate why" incoherent is not "giving up" on an inquiry that conventional religions claim to have solved; it transcends the question entirely, which lets us see there is literally no conceivable limit to understanding, and thus to joy -- whether from discovery, love, or any of the other virtues that conventional religions proclaim as desirable. What William James said in The Varieties of Religious Experience (which as an aside is an absolutely extraordinary book you should read if you never have) is true: "There never can be a state of facts to which new meaning cannot truthfully be added, provided the mind ascend to a more enveloping point of view." And that, I believe, is what we're supposed to do: Be curious. Ask questions. Learn more. Seek out gaps in our understanding and ask new questions, while being happy to identify and dispel misunderstandings. If we make a mistake in belief or behavior (which is basically a belief carried into action), identify why and adapt so we don't make that mistake again.

So although Atheism doesn't have "commands" in a conventional prescribed way, the nature of reality itself dictates that the consequences of ignoring its nature is, at best, ignorance or misunderstanding, and at worst, death. The "first commandment" of Atheism can thus be thought of as something like "Thou shalt think."

My religious accommodation request thus makes two basic claims for an exemption from the package restrictions, particularly its source limitation.

First, clear thinking on religiously-significant subjects is a central "religious exercise" in Atheism, so it's essential to have a clear and healthy mind, which requires regular -- ideally daily -- consumption of fresh and healthy foods. Further, fresh food has an immanent, intangible quality that other food lacks -- it was recently imbued with, and in some ways still has, the reward-state of proper existence: life. The packages policy severely curtails access to those foods. That adversely affects my clarity of mind, denies me the ability to share in the universal cycle of one life becoming the next and to directly experience the value of life over death, and thereby inhibits religious activities.

Second, it's immoral to support enterprises which are themselves immorally operated. This is a paramount consideration in purchases for me, and enterprises which exist primarily to exploit and profiteer on mass incarceration are, in my beliefs, deeply immoral. Depriving me of access to food because I'm unwilling to violate my beliefs by supporting enterprises I believe are evil -- the prison-focused "vendors" -- violates my right to practice my religion. Moreover, they have no fresh foods, which I require. (For completeness, in the Atheist view, purposeless suffering is undesirable, and hence causing it is evil, not just because of its inherently unpleasant quality, but because it distracts from joy -- you can't seek out and contemplate reverently the splendor of existence if your mind is focused on immediate injury and avoiding bodily decay and destruction. Health and happiness are of course good for the opposite reason: They facilitate joy, the natural state of existing in harmony with existence itself.)

DOCCS's policy, even if it can be argued to have some marginal security benefit, is beyond extreme. In general, it is wholly unnecessary and unfair: It penalizes tens of thousands of incarcerated people who have fully complied

P0002:8

with the standard policy's minutiae and arcane rules, based at best on a statistically-insignificant number of attempts by incorrigibles to abuse it. With respect to me in particular, it has no justification whatsoever -- I have no history of either drugs or weapons (the "justifications" DOCCS gives for banning packages), and a long history of compliance with standard package policy, which is all I am seeking to be able to continue.  At least with me, DOCCS cannot show that banning me from receiving packages in the same way I've done for years without incident is the "least restrictive means" of serving any "compelling governmental interest" as the RLUIPA requires.

If you have any further questions, please of course don't hesitate to ask. Thanks in advance!

J. ZIELINSKI

cc: file

P0002:9

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO.<br>A-1065-22 | | DATE FILED<br>05/25/22 |
|---|---|---|---|
| | FACILITY<br>Attica CF | | POLICY DESIGNATION<br>INSTITUTIONAL |
| **INCARCERATED GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE<br>PACKAGE POLICY VIOLATES RELIGION | | CASE CODE<br>31 |
| **SUPERINTENDENT RESPONSE** | SUPERINTENDENT'S SIGNATURE<br>*Absopt 6/3/6 Jeff FDS* | | DATE<br>*7/22/2022* |
| GRIEVANT<br>ZIELINSKI, J | DIN<br>16A3601 | | HOUSING UNIT<br>D-41-03 |

The grievant asserts that the recent changes in package policy violate the grievant's religious beliefs. The current package policy allows for the grievant to purchase allowable fresh food items directly through vendors while also allowing friends and family to purchase through vendors. The current package policy does not deny the grievant the ability to puchase fresh foods. As of the memo issued on 04/25/22 the grievant can receive three (3) food packages a month with a total weight of 40 pounds. Coordinating Chaplain R...investigated and interviewed the grievant. Chaplain R...stated that the grievant is registered as Atheist as the grievant's religion and that by not eating healthy foods the grievant's mind is not allowed to think correctly. Chaplain R...advised the grievant to forward documentation relating to the grievant's religion that dictates the religion's dietary restrictions. Based on the investigation the grievance appeal is denied.

*Received 7/28/2022*

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please provide a reason why you are appealing this decision to CORC.

*This response does not address the real issues in any meaningful way but merely parrots "official policy" that has no basis in reality. Moreover by its own text the decision was made without investigation by Chaplain Roman Tillman.*

| _____<br>GRIEVANT'S SIGNATURE | July 28, 2022<br>DATE |
|---|---|
| _____<br>GRIEVANCE CLERK'S SIGNATURE | _____<br>DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------

JEREMY ZIELINSKI, Plaintiff,                         SUMMONS

     v.                                          Case No. _____

ANTHONY ANNUCCI, Defendant.


------------------------------------------------

To:  Anthony Annucci
     Acting Commissioner
     New York State Department of Corrections
        and Community Supervision
     1220 Washington Avenue, Building #2
     Albany, NY 12226-2050

     You are hereby summoned and required to serve on the plaintiff herein,

whose address is:

          JEREMY ZIELINSKI, #16A3601
          Great Meadow Correctional Facility
          P.O. Box 51
          Comstock, NY 12821-0051

an answer to the complaint that is herewith served upon you, within 40 days

after service of this summons upon you, exclusive of the day of service.  If you

fail to do so, judgment by default may be taken against you for the relief

demanded in the complaint.




Date: _____                    Clerk of the Court

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF  JEREMY ZIELINSKI | COURT CASE NUMBER |
|---|---|
| DEFENDANT  ANTHONY ANNUCCI | TYPE OF PROCESS  Summons and Complaint |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
ANTHONY ANNUCCI, "Acting Commissioner" of NYSDOCCS
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
NYSDOCCS, 1220 Washington Ave., Bldg. 2, Albany, NY 12226-2050

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| JEREMY ZIELINSKI, #16A3601  Great Meadow Correctional Facility  P.O. Box 51  Comstock, NY 12821-0051 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold                                                                                                                                         Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF  ☐ DEFENDANT | TELEPHONE NUMBER  n/a | DATE  11/28/2022 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin  No. | District to Serve  No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address (*complete only different than shown above*) | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)  **$0.00** |
|---|---|---|---|---|---|

REMARKS:

1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEREMY ZIELINSKI

**DEFENDANTS**
ANTHONY ANNUCCI

(b) County of Residence of First Listed Plaintiff  Washington, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Albany, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JEREMY ZIELINSKI, #16A3601
Great Meadow CF, P.O. Box 51
Comstock, NY 12821-0051

Attorneys *(If Known)*
NYS Attorney General
Dept. of Law, The Capitol
Albany, NY 12224-0341

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☒ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 2000cc-2(a)
Brief description of cause:
Denial of access to food needed for religious diet

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ n/a
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 11/28/2022
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



JEREMY ZIELINSKI, #16A3601
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821-0051

Clerk of the Court
United States District Court
Western District of New York
2 Niagara Square
Buffalo, NY 14202

 Re: RLUIPA action for filing   November 28, 2022

Dear Clerk:

 Enclosed for filing are: (1) JS-44 civil cover sheet; (2) IFP application with prisoner authorization; (3) Verified Complaint; (4) One summons for the named defendant; and (5) USM-285 form for the defendant. A copy of the first page of the Verified Complaint is also enclosed to be date-stamped and returned to me indicating the assigned case number and district and magistrate judges.

        Thank you,

        JEREMY ZIELINSKI
        Plaintiff, Pro Se

Enclosures

cc: file

JEREMY ZIELINSKI
DIN 16A3601
Great Meadow Corr. Fac.
P.O. Box 51
Comstock, NY 12821-0051

?

Clerk of the C
U.S. District
Western Dist
2 Niagara S
Buffalo, NY

"Legal Mail"



Great Meadow

Correctional Facility

NEOPOST
11/28/2022
US POSTAGE $002.40⁰
FIRST-CLASS MAIL
ZIP 12821
041M11283103

ourt
Court
ict of New York
quare
14202

USDC - WDNY

NOV 3 0 2022

BUFFALO