UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEREMY ZIELINSKI,

       Plaintiff,

  v.                                           22-CV-924-LJV-JJM
                                                 DECISION & ORDER

DANIEL F. MARTUSCELLO, III,

       Defendant.

---

       On November 30, 2022, the *pro se* plaintiff, Jeremy Zielinski, commenced this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Docket Item 1. On September 20, 2023, the defendant, Daniel F. Martuscello, III, Acting Commissioner of the Department of Corrections and Community Supervision ("DOCCS"), answered the complaint, Docket Item 14, and this Court referred the action to United States Magistrate Judge Jeremiah J. McCarthy, Docket Item 15.

       On October 16, 2023, Zielinski moved to strike each of the fifteen affirmative defenses asserted in Martuscello's answer. Docket Item 17. Martuscello then responded, Docket Item 27, and Zielinski replied, Docket Item 29. In the meantime, this Court amended the referral order so that Judge McCarthy could consider the motion to strike, Docket Item 28, and Martuscello withdrew his ninth, tenth, twelfth, thirteenth, and fifteenth affirmative defenses, *see* Docket Item 25; Docket Item 27 at 9.

       On February 5, 2024, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Zielinski's motion should be granted as to the seventh, eighth, and eleventh affirmative defenses and denied as to the first, second, third, fourth, fifth, sixth, and fourteenth affirmative defenses. Docket Item 31. Martuscello then objected to the

recommendation to strike the seventh, eighth, and eleventh affirmative defenses, Docket Item 34, and Zielinski objected to the recommendation to not strike the second, third, fourth, sixth, and fourteenth affirmative defenses, Docket Item 38.[1]  Neither party objected to the recommendation as to the first and fifth affirmative defenses.  *See* Docket Items 34 and 38.  Both parties then responded to the other side's objections.  Docket Item 43 (Zielinski's response); Docket Item 47 (Martuscello's response).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections and responses; and the materials submitted to Judge McCarthy.  Based on that review, the Court accepts and adopts Judge McCarthy's recommendation as to all but the second, third, and fourteenth affirmative defenses.

---

[1] Martuscello argues that Zielinski's objections are untimely because they were docketed several days after the deadline of February 22, 2024.  *See* Docket Item 47 at 2-3.  But Zielinski's objections are dated February 20, 2024, *see* Docket Item 38 at 9, and therefore are timely under the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993); *see also Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001).

**LEGAL PRINCIPLES**

Federal Rule of Civil Procedure 12(f) provides that a district court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike affirmative defenses are generally disfavored," and the moving party bears the burden of showing that an affirmative defense should be stricken. *Walsh v. City of New York*, 585 F. Supp. 2d 555, 557 (S.D.N.Y. 2008) (citation and internal quotation marks omitted).

"The Second Circuit recently clarified the standards for deciding a motion to strike an affirmative defense, explaining that an affirmative defense should be stricken if (1) it is not plausibly ple[aded] or (2) 'it is a legally insufficient basis for precluding a plaintiff from prevailing on [his] claims.'" *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 450 (W.D.N.Y. 2020) (quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97-98 (2d Cir. 2019)). "The [c]ourt must further consider whether the inclusion of the affirmative defenses will prejudice the plaintiff." *Id.* (citing *GEOMC*, 918 F.3d 92, 98-99).

**DISCUSSION**[2]

**I.     FIRST AND FIFTH AFFIRMATIVE DEFENSES**

Judge McCarthy recommended denying Zielinski's motion to strike Martuscello's first and fifth affirmative defenses—respectively, that the complaint fails to state a claim, Docket Item 31 at 4-6, and that Martuscello "acted in conformity with all federal and

---

[2] The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1, and Judge McCarthy's analysis in the R&R, *see* Docket Item 31.

3

state [laws]," *id.* at 8-9.  Neither party objected to that recommendation.  *See* Docket Items 34 and 38.  Although not required to do so, *see Thomas*, 474 U.S. at 149-50, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to deny Zielinski's motion to strike Martuscello's first and fifth affirmative defenses.

## II.     SECOND AND THIRD AFFIRMATIVE DEFENSES

As a second affirmative defense, Martuscello asserts that he "was acting in his official capacity with the good-faith belief that his actions did not violate any of [Zielinski's] clearly established rights."  Docket Item 14 at ¶ 10.  As a third affirmative defense, Martuscello asserts that he "is entitled to qualified immunity" because he "acted without malice and under the reasonable belief that his actions were proper and in accordance with existing law."  *Id.* at ¶¶ 11-13.  Judge McCarthy recommended denying the motion to strike those defenses.  Docket Item 31 at 6-7.  More specifically, he noted that "[l]itigating immunity defenses . . . involves fact-intensive determinations better supported by engaging in the discovery process" and that Zielinski would suffer "minimal prejudice" were Martuscello permitted to assert those defenses.  *Id.*

Zielinski objects, arguing that "in an RLUIPA claim for injunctive relief only," Martuscello's belief about whether the underlying policy violated the law is immaterial.  Docket Item 38 at 1-4.  Zielinski is correct:  "It is settled law that 'qualified immunity shields defendants only from claims for monetary damages and does not bar actions for declaratory or injunctive relief.'"  *Nassau & Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50, 76 (E.D.N.Y. 2018) (alterations omitted) (quoting *Adler v.*

4

*Pataki*, 185 F.3d 35, 48 (2d Cir. 1999)).  And while there is little case law on how a "good faith" affirmative defense applies to a claim for injunctive relief, there is no reason to treat it any differently than a qualified immunity defense because both defenses hinge on whether the defendant believed his actions were legal.  In fact, Judge McCarthy correctly noted that the second affirmative defense "echoes language commonly used to invoke qualified immunity."  Docket Item 31 at 6.

Zielinski does not seek money damages here.  *See* Docket Item 1 at 6 (prayer for relief).  Rather, he requests only an injunction remedying the alleged RLUIPA violation at issue and the costs of litigation.[3]  *Id.*  Because there is no situation in which Martuscello would be entitled to a qualified immunity or "good faith" affirmative defense from Zielinski's claim for injunctive relief, Zielinski's motion to strike the second and third affirmative defenses is granted.

### III.   FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Martuscello asserts that his "alleged conduct . . . was properly within the discretionary authority committed to [him] to perform his official functions."  Docket Item 14 at ¶ 14.  Judge McCarthy recommended denying the motion to strike that defense because the "statutory language" of RLUIPA "indicates [that] actors such as Martuscello retain some discretion."  Docket Item 31 at 7-8.

---

[3] Qualified immunity "has no application to a request for attorney[']s fees."  *See, e.g.*, *Helbrans v. Coombe*, 890 F. Supp. 227, 231-32 (S.D.N.Y. 1995).  Because attorney's fees are treated "as part of the costs" of litigation, *see* 42 U.S.C. § 1988(b), it logically follows that qualified immunity does not bar an award of costs, *see Bailey v. Pataki*, 2016 WL 3545941, at *3, *8 (S.D.N.Y. June 16, 2016) (rejecting the argument that "qualified immunity [is] a bar to [attorney's] fees" and granting "plaintiffs' application for costs").

Zielinski objects that while "RLUIPA allows prison officials some discretion[,] . . . whether to comply with RLUIPA is not within the bounds" of that discretion.  Docket Item 38 at 4-6.  Of course, Zielinski is correct that compliance with RLUIPA is not optional.  Nevertheless, the question of whether Martuscello violated RLUIPA may hinge on whether he had the discretion to do what he did.  Striking the fourth affirmative defense therefore would be premature, especially because allowing it to proceed presents no apparent prejudice to Zielinski.

The Court therefore accepts Judge McCarthy's recommendation to deny the motion to strike the fourth affirmative defense.

### IV.     SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Martuscello asserts that Zielinski "has failed to exhaust his administrative remedies."  Docket Item 14 at ¶ 16.  Judge McCarthy recommended denying the motion to strike that defense, noting that while "it appears that Zielinski has pursued his administrative grievance," facts may surface in discovery showing otherwise.  Docket Item 31 at 9-11.

Zielinski objects that an exhaustion defense is not "plausible" because Martuscello "alleges no facts whatsoever suggesting non-exhaustion might be proven."  Docket Item 38 at 6-7; *see* Docket Item 14 at ¶ 6.  Even so, this Court finds it premature to strike the sixth affirmative defense.  As Judge McCarthy noted, the standard for pleading an affirmative defense takes into account "the brief period in which a defendant must file an answer."  Docket Item 31 at 4 (quoting *GEOMC*, 918 F.3d at 98).  In light of the volume of grievances filed by DOCCS inmates, it is plausible that Martuscello did not have time to compile the facts necessary to prove an exhaustion defense at the

6

pleading stage. What is more, allowing this affirmative defense to proceed would cause little—if any—prejudice to Zielinski, especially if he has indeed exhausted his remedies as represented.

This Court therefore accepts Judge McCarthy's recommendation to deny the motion to strike the sixth affirmative defense.

## V.    SEVENTH AND EIGHTH AFFIRMATIVE DEFENSES

As a seventh affirmative defense, Martuscello asserts that Zielinski "cannot maintain a claim against him under 42 U.S.C. § 1983" because Martuscello "lacks personal involvement in" the conduct at issue. Docket Item 14 at ¶ 17. As an eighth affirmative defense, Martuscello asserts that "[t]he doctrine of *respondeat superior* does not apply to actions brought pursuant to 42 U.S.C. § 1983." *Id.* at ¶ 18. Judge McCarthy recommended striking both of those defenses because they "are expressly directed to 42 U.S.C. § 1983 and not to RLUIPA (the only claim in this action)." Docket Item 31 at 11-12. Martuscello objects that Judge McCarthy's conclusion as to the seventh and eighth affirmative defenses "should be reconsidered," but he does not explain why. *See* Docket Item 34; *see also* Docket Item 43 at 1-2 (Zielinski's observation that "there's not a word about defenses seven . . . or eight" in Martuscello's objections).

Because Martuscello does not make specific objections as to the recommendation to strike the seventh and eighth affirmative defenses, that recommendation is subject to clear error review. *See Adams v. N.Y. State Educ. Dep't*, 705 F. Supp. 2d 298, 301 (S.D.N.Y. 2010) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no *specific*, written

objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (emphasis added) (citations and internal quotation marks omitted)).  And Judge McCarthy did not clearly err in recommending that this Court strike those affirmative defenses, which address non-existent section 1983 claims.  Zielinski's motion to strike the seventh and eighth affirmative defenses therefore is granted.

## VI.  ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, Martuscello asserts that "[t]his action is barred . . . by the Eleventh Amendment to the United States Constitution."  Docket Item 14 at ¶ 21.  Judge McCarthy recommended striking that defense, noting that under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment "rarely . . . bar[s] suits for injunctive relief against individual state officers acting in their official capacity in order to remedy a continuing violation of law."  Docket Item 31 at 12-13 (emphasis omitted).

Martuscello objects that Zielinski "has not articulated an alleged ongoing violation that would bar [Martuscello] from asserting the Eleventh Amendment" because Zielinski "truly attempts" to challenge an underlying DOCCS policy.  Docket Item 34 at 4.  But Zielinski's request for an injunction ordering Martuscello to grant Zielinski a religious exemption to that policy—which allegedly violates RLUIPA as applied to Zielinski— clearly asks this Court to remedy an ongoing violation and thus brings this case within the purview of *Ex parte Young*.[4]  *See* Docket Item 1; *see also Verizon Md., Inc. v. Pub.*

---

[4] Zielinski's request for an award of costs is not impacted by the Eleventh Amendment, which does not "bar certain monetary awards, like attorney's fees or fines, which are matters ancillary to a grant of prospective relief against a state."  *See N.Y.C.*

8

*Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (alteration, citation, and internal quotation marks omitted)).

The Court therefore adopts Judge McCarthy's recommendation to strike the eleventh affirmative defense.

### VII.  FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, Martuscello asserts that "[t]his action is barred . . . by the applicable statute[] of limitation."  Docket Item 14 at ¶ 24.  Judge McCarthy recommended denying the motion to strike that defense because "it would . . . be premature to decide a question involving the sufficiency of the administrative record prior to discovery" and "there would be little prejudice to Zielinski by continuing to include the defense."  Docket Item 31 at 13-14.

Zielinski objects that this action clearly is not barred by RLUIPA's four-year statute of limitations because it was commenced on November 30, 2022, and arises from a policy that was implemented in April 2022—about seven months earlier.  Docket Item 38 at 7-8; *see* Docket Item 1 at 7 (DOCCS memorandum dated April 25, 2022); *see also Young Men's Christian Ass'n of Greater Rochester v. Town of Milo*, 563 F. Supp. 3d 71, 80 (W.D.N.Y. 2021) ("RLUIPA claims carry a four-year statute of limitations.").  Considering the short time between the implementation of the policy and

---

*Health & Hosps. Corp. v. Perales*, 50 F.3d 129, 135 (2d Cir. 1995) (citing *Missouri v. Jenkins*, 491 U.S. 274, 280 (1989); *Hutto v. Finney*, 437 U.S. 678, 690-92 (1978)).

9

the filing of the complaint, the Court sees no plausible basis for Martuscello's assertion of a statute of limitations defense—and Martuscello has not pleaded any facts suggesting that such a defense might apply, *see* Docket Item 14 at ¶ 24.

Zielinski's motion to strike the fourteenth affirmative defense therefore is granted without prejudice to Martuscello's raising the same defense if facts arise warranting it.

## **CONCLUSION**

For the reasons stated above and in the R&R, Zielinski's motion to strike, Docket Item 17, is GRANTED with respect to Martuscello's second, third, seventh, eighth, eleventh, and fourteenth affirmative defenses and DENIED with respect to Martuscello's first, fourth, fifth, and sixth affirmative defenses. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of January 17, 2024, Docket Item 28.

SO ORDERED.

Dated:   June 5, 2024
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE